Hemphill, Ci-i. J.
There is no amendment to the petition embodied in tiie transcript, nor are we informed of the grounds upon which the exception was sustained. The bar of the statute was not assigned as one of the special causes of demurrer, bat under the general exception it was available to the defendant, and most probably it was upon this ground that tiie action of the court was based. In tiie argument of counsel it lias been assumed as one of tiie grounds in support of tiie judgment of the court, and we will proceed to its consideration.
By tiie act of June 2SU>, 1845, (art. 239-°, Dig.,) it was declared that all foreign judgments, decrees, and adjudications, upon which suits shall be brought in the courts of this Republic, should tiie same be of four years’ standing and upwards, shall be forever barred and prescribed, unless sued on in sixty days from and after the passage of this act; those under four and over two years, unless sued on in six months, &c., &c.
Tiie judgment was rendered oil the 24th November, 1842, and suit commenced on the 20th August, 1840. and it is manifest upon the face of the petition that the suit was barred by tiie statute.
Tiie judgment was of less than four and more than two years’ standing, and tiie action should have been commenced within six months after the passage of tiie law. Nor is this provision repugnant to the Constitution and laws of the United States prescribing the faith and credit to be given in each State to the public acts, records, and judicial proceedings of every other State, and if such repugnancy did exist it would not impair the force and effect of the Matute in relation to'the judgments on which it was intended to operate. The. statute was passed anterior to annexation, when the Government of this Republic was vested with tiie plenary powers of sovereignty, and was unrestricted in their exercise by the prohibition of the Constitution of the United States, and the judgments to be effected by the section were such as had been rendered ante *127 cedent to the date of the act. The obligation of the statute cannot be questioned.
The subject was fully considered, discussed, and the points involved in the question deeided in the case of Robinson v. Peyton, at Austin, December Term. 1S49, and reference is made to the opinion in that case as authority for the decision in the one under review. (4 Tex. R., 276.) It is ordered that the judgment be affirmed.
Judgment affirmed.